813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TWENTIETH CENTURY-FOX FILM CORPORATION, and Libra Films
Corporation, Appellants,
v.
PRINCE GEORGE'S COUNTY, MARYLAND, Lawrence J. Hogan, County
Executive, and Robert B. Ostrom, County Attorney, Appellees.
 No. 86-1046.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 9, 1986.
Decided Feb. 2, 1987.
 
 Before WILKINSON and WILKINS, Circuit Judges, and Richard L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Erwin N. Griswold (Barbara Kacir, Blake A. Biles, Richard I. Werder, Jr., Jones, Day, Reavis & Pogue on brief) for appellants.
 Steven M. Gilbert, Associate County Attorney (Thomas P. Smith, County Attorney; Michael O. Connaughton, Deputy County Attorney on brief) for appellees.
 PER CURIAM:
 
 
 1
 Plaintiffs appeal the entry of final judgment upholding the facial validity of Prince George's County's Motion Picture Bidding Ordinance ("the Ordinance"), which regulates the practices of national film distributors in Prince George's County ("the County"), under the Maryland Constitution and the Maryland Express Powers Act. Because we agree with the district court that the Ordinance on its face constitutes a valid exercise of the County's charter powers to regulate economic activity and that the Ordinance is not preempted by State legislative activity, we affirm.
 
 I.
 
 2
 In November 1981, the Prince George's County Council enacted the Motion Picture Bidding Ordinance, codified in Prince George's County Code Sec. 5-184.30, et seq. (1983 Ed.), to regulate the process of licensing motion pictures for exhibition in the County. The Ordinance became effective on January 11, 1982.
 
 
 3
 The declaration of findings, which serves as a preamble to the Ordinance, indicates that the purposes of the Ordinance are: (1) to establish fair and open procedures for the bidding and negotiations for the right to exhibit motion pictures within Prince George's County; (2) to prevent unfair and deceptive acts or practices and unreasonable restraints of trade in the business within the County; (3) to promote fair and effective competition in that business; and, (4) to insure that exhibitors have the opportunity to view a motion picture and know its contents before committing themselves to exhibiting it in their communities. Sec. 5-184.30. To those ends, the Ordinance prohibits the practice of "blind bidding," Sec. 5-184.32; regulates bidding procedures, Sec. 5-184.34; and restricts the advances a distributor may demand from a movie exhibitor before licensing a movie for exhibition, Sec. 5-184.33. The Ordinance's requirements purport to apply only within Prince George's County.
 
 
 4
 Plaintiffs are motion picture distributors who distribute films throughout the United States. On December 11, 1981, they filed suit in federal court seeking injunctive relief, prohibiting the enforcement of the Ordinance, as well as a declaratory judgment that the Ordinance is unconstitutional or otherwise contravenes both federal and state law, both on its face and as applied. After plaintiffs' summary judgment motion was heard on July 19, 1985, the district court stated that it would deny the motion. The parties then stipulated to the dismissal without prejudice of the distributors' claims that the Ordinance violates the United States Constitution and is invalid under the Maryland Express Powers Act and the Maryland Constitution as applied, and the court entered final judgment on the facial validity of the Ordinance under Maryland law.
 
 II.
 
 5
 The only issue before this Court, therefore, is whether the court below was correct in upholding the Ordinance as a matter of Maryland state law. Judge Harvey ruled that under the Maryland Constitution and the Maryland Express Powers Act Prince George's County had the authority to enact the Motion Picture Bidding Ordinance. He also concluded that the Ordinance was not preempted by any State legislation.
 
 
 6
 As a charter county, Prince George's County is granted a number of express powers and the general authority to enact ordinances "as may be deemed expedient in maintaining the peace, good government, health and welfare of the County." Maryland Code Annotated, Article 25A, Section 5(S). See also Maryland Constitution, Article XI-A. The Home Rule Amendment in the Maryland Constitution and the Express Powers Act in the Maryland Code have been interpreted by the Maryland Court of Appeals to grant broad powers of general government to counties that adopt charters. See Montgomery Citizens League v. Greenhalgh, 253 Md. 151 (1969).
 
 
 7
 Ordinances passed by home rule counties which regulate various types of economic activities have consistently been upheld as valid exercises of charter powers. See id. See also County Council for Montgomery County v. Investors Funding Corp., 270 Md. 403 (1973). In fact, the Maryland Court of Appeals has never struck down a charter county law under section 5(S), extra-territorial effects of such ordinances notwithstanding. While the nonlocal effects of Prince George's County's Ordinance may be unavoidable, as is true of any local law, there is nothing to suggest that this Ordinance is any more pernicious than those upheld in a series of cases by the Maryland Court of Appeals. See, e.g., Greenhalgh, 253 Md. 151; Investors Funding, 270 Md. 403; Prince George's County v. Chillum-Adelphi Volunteer Fire Dep't, Inc., 275 Md. 374 (1975); Bradshaw v. Prince George's County, 284 Md. 294 (1979); Snowden v. Anne Arundel County, 295 Md. 429 (1983).
 
 
 8
 Applying these principles, we agree with the district court that under Maryland law the Ordinance is not on its face an invalid exercise of the County's legislative authority. The law does not attempt to regulate the distribution of motion pictures for exhibition beyond the territorial limits of Prince George's County. Should the distributors wish to avoid the Ordinance's requirements, they need only refrain from soliciting bids within the County.
 
 
 9
 Plaintiffs also raise an implied preemption argument for invalidating the Ordinance. We agree with the district court's conclusion, based on the reasoning set out in the court's oral opinion, that the Ordinance is not preempted by any state legislation concerning the same matter.
 
 
 10
 Accordingly, we affirm the district court's ruling that the Ordinance is not facially invalid under state law.
 
 
 11
 AFFIRMED.